UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard L. Kinzel, et al.,            Case No. 3:10cv2169

        Plaintiffs

    v.                                MEMORANDUM OPINION
                                      & ORDER

Bank of America, et al.,

        Defendants

## I.     INTRODUCTION AND BACKGROUND

On September 17, 2013, I granted the motion of Plaintiffs Richard and Judith Kinzel to amend their complaint to state a claim of negligent breach of contract. (Doc. No. 141 at 7). Plaintiffs asserted Defendants Bank of America, et al., failed to properly credit a payment on their account. (Id., Doc. No. 129 at 5, Doc. No. 129-2 at 3). Defendants have filed a motion for summary judgment as to Plaintiffs' negligent breach of contract claim. (Doc. No. 147). Plaintiffs filed a "memorandum pertaining to Defendants' motion for summary judgment as to Plaintiffs' amended negligent breach of contract claim" and "move[d] to dismiss without prejudice the cause of action for negligent breach of contract." (Doc. No. 151 at 2). Defendants filed a brief in response and asked that I granted Defendants' unopposed motion for summary judgment or, in the alternative, dismiss the claim with prejudice. (Doc. No. 152). For the reasons stated below, Plaintiffs' motion is granted and Defendants' motion for summary judgment is denied as moot.

## II. ANALYSIS

A plaintiff may obtain a court order dismissing an action "on terms that the court considers proper"; this dismissal is without prejudice unless the court holds otherwise. Fed. R. Civ. P. 41(a)(2). As Defendants note, Rule 41 addresses only the dismissal of entire actions against one or more defendants, and not individual claims against one defendant. *See* 8 *Moore's Federal Practice* § 41.21 (Matthew Bender 3d ed.). While Rule 41 does not expressly permit a plaintiff to voluntarily dismiss some but not all of the claims the plaintiff has asserted against a defendant, a court may treat a motion to dismiss a claim as a motion to amend the complaint under Rule 15 instead. *See, e.g., Mgmt Investors v. United Mine Workers of Am.*, 610 F.2d 384, 394 (6th Cir. 1979); *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2nd Cir. 1985). At this stage of the litigation, Plaintiffs may amend their complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants do not oppose dismissal but argue it should be with prejudice. (Doc. No. 152 at 2).

Rule 15(a) requires that a court grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has offered this instruction to lower courts:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "The standard for permitting an amendment withdrawing a claim is the same as for voluntarily dismissing an action under Rule 41(a) . . . ." *Coultrip v. Pfizer, Inc.*, 2011 WL 1219365, at *6 (S.D.N.Y. March 24, 2011) (*citing Wakefield*, 769 F.2d at 114 n.4). A court should deny leave to dismiss without prejudice under Rule 41 where the defendant would suffer "plain legal prejudice." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (*quoting Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

Plaintiffs seek to withdraw their negligent breach of contract claim because, they concede, the evidence does not support it. (Doc. No. 151 at 2). While Defendants argue the claim should be dismissed with prejudice or adjudicated on the merits "to ensure that additional time and resources are not wasted," the "mere prospect" of subsequent litigation does not constitute legal prejudice. *Cone*, 330 U.S. at 217. Further, Defendants' lament that they "already expended substantial time and resources to repeatedly defend against this claim" is unpersuasive. (Doc. No. 152 at 2) (emphasis removed). Defendants did not identify the document in any of the briefs they filed, despite the fact that Defendants apparently produced the conclusive evidence during discovery. The failure to identify the relevant document while reviewing discovery, though no doubt painful to Plaintiffs' counsel, clearly appears to be inadvertent and not intentional. Plaintiffs' request for leave to amend the complaint is granted and the provisions of the complaint alleging negligent breach of contract hereby are stricken. *See Featherston v. Dist. of Columbia*, 910 F. Supp. 2d 1, 11 (D.D.C. 2012) (granting plaintiff leave to withdraw a claim pled in the complaint and denying defendant's dispositive motion in part as moot).

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend their complaint and withdraw their negligent breach of contract claim, (Doc. No. 151), is granted. Defendants' motion for summary judgment, (Doc. No. 147), is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge