UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard L. Kinzel, et al.,                      Case No. 3:10cv2169

         Plaintiffs

    v.                                             MEMORANDUM OPINION
                                                      AND ORDER

Bank of America, et al.,

         Defendants.

## I. INTRODUCTION

Before me are three liminal motions seeking to exclude certain evidence and the testimony of two proposed expert witnesses. Defendants Bank of America, et al., seek (1) to exclude the testimony of David Voight, a proposed banking practices expert for the Plaintiffs (the "Voight motion"), (Doc. No. 172), and (2) to prevent the Plaintiffs from referring to alleged breaches of contract by Merrill Lynch, an alleged liquidation directive from Bank of America to Merrill Lynch, and alleged liquidation of Cedar Fair stock to Merrill Lynch insiders or related parties (the "Allegations motion"), (Doc. No. 170). Plaintiffs Richard Kinzel, et al., seek to exclude the testimony of Stuart Ober, a proposed banking practices expert for the Defendants (the "Ober motion"). (Doc. No. 161). For the reasons stated below, (1) the Voight motion is granted in part and denied in part; (2) the Allegations motion is granted in part and denied in part as moot; and (3) the Ober motion is denied.

## II. STANDARD

### A. MOTIONS IN LIMINE

Though they are not expressly authorized by the Federal Rules of Evidence or Civil Procedure, motions in limine "may be direct toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 *Moore's Federal Practice* § 16.77[4][d][ii] (Matthew Bender 3d ed.). Courts properly may use rulings on liminal motions to further their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997) (liminal motions "permit[] the parties to focus their preparation on those matters that will be considered by the [factfinder]"). The party seeking to exclude evidence carries the burden of establishing that evidence is not admissible for any purpose. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009) (citation omitted); *see, e.g., United States v. Mack*, 298 F.R.D. 349, 351 (N.D. Ohio 2014) (citing *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Relevant evidence is admissible under Rule 402. Fed. R. Evid. 402. Evidence is relevant "if it has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger it will cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, waste time, or result in the needless presentation of cumulative evidence. Fed. R. Evid. 403.

### B. EXPERT TESTIMONY

A witness may testify as an expert and offer the witness's opinion if the witness is qualified "by knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. In evaluating the admissibility of expert testimony, a trial court "must determine whether the testimony has 'a reliable

basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993) (alteration in original)). The party offering the expert as a witness has the burden to show the expert's proposed testimony is admissible. *Daubert*, 509 U.S. at 592 n.10.

### III. ANALYSIS

#### A. THE VOIGHT MOTION

The Defendants do not challenge Voight's qualifications as an expert. Rather, the Defendants assert Voight's proposed testimony is unreliable and irrelevant because it is based on the incorrect assumption that Merrill Lynch breached the Loan Management Account Agreement (the "LMA Agreement") by failing to issue a demand prior to liquidating collateral the Kinzels pledged as security for the loan. Voight testified during his deposition that it is his opinion Merrill Lynch could not liquidate pledged collateral without issuing a formal demand on the Kinzels. (Doc. No. 172-2 at 6-7). Whatever the Plaintiffs believe "[c]ommon sense indicates," (Doc. No. 173 at 4), I previously ruled the plain language of the LMA Agreement expressly permitted the Defendants to liquidate the pledged collateral without issuing a demand for payment. (Doc. No. 141 at 6, 9; *see* Doc. No. 1-1 at 5-6). Voight's opinion on whether Merrill Lynch breached the LMA Agreement because it did not issue a demand does not impact a fact "of consequence in determining [this] action," and further is outside of the purview of his role as expert witness. Therefore he may not testify about whether the LMA Agreement required Merrill Lynch to issue a demand.

The Defendants' motion, however, does not take into account the entire scope of Voight's opinion and report. Voight included in his report, and discussed at length during his deposition, his opinion on the reasonableness of Merrill Lynch's actions in the context of its relationship with the Kinzels, the LMA, and the financial markets at the time of the liquidation. This testimony is relevant to the resolution of the Plaintiffs' remaining claim, and the Defendants do not argue it is

3

unreliable. *See Young Living Essential Oils LLC v. Marin*, 266 P.3d 814, 816 (Utah 2011) (The covenant of good faith and fair dealing works to infer "as a term in every contract a duty to perform in the good faith manner that the parties surely would have agreed to if they had foreseen and addressed the circumstance giving rise to their dispute."). Voight will be permitted to testify on these matters.

### B.  THE ALLEGATIONS MOTION

#### 1.  BREACH OF CONTRACT

The Defendants seek an order prohibiting the Plaintiffs from eliciting testimony or offering arguments alleging Merrill Lynch breached the LMA Agreement. (Doc. No. 170 at 6-8). The Plaintiffs state "they have no intention of offering any evidence which is not consistent with the ruling of this court." (Doc. No. 177 at 1). As the Plaintiffs represent they will not attempt to present evidence designed to establish Merrill Lynch breached the LMA Agreement by failing to issue a demand for payment, this portion of the Defendants' motion is denied as moot.

#### 2.  LIQUIDATION DIRECTIVE

The Defendants also ask me to prohibit the Plaintiffs from seeking to elicit testimony or offer argument alleging Bank of America directed Merrill Lynch to liquidate loans. The Defendants assert there is no evidence this alleged directive affected the liquidation of the pledged collateral and that, even if such a directive existed, the Plaintiffs offer only inadmissible hearsay as evidence. (Doc. No. 170 at 8-9). The Plaintiffs point to evidence that Bank of America and Merrill Lynch were in grim financial positions. (Doc. No. 177 at 3-5). They argue this evidence supports the relevance and admissibility of claims that Bank of America ordered Merrill Lynch to liquidate assets as well as the admissibility of an article published in the New York Times discussing documents filed in a shareholder lawsuit against Bank of America in the Southern District of New York. (Doc. No. 177 at 5-6). I cannot agree.

4

First, the Plaintiffs' assertion that Bank of America issued a liquidation directive is mere speculation. The two banks' perilous financial conditions are no surprise given the state of the economy and the financial services market in late 2008 and early 2009. This, however, cannot reasonably give rise to an inference that Merrill Lynch liquidated assets only because Bank of America instructed it to do so.

Moreover, I agree with the Defendants that the New York Times article is inadmissible hearsay. A statement is hearsay if the statement was not made by the declarant while testifying at the trial or hearing and is offered as evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is inadmissible unless permitted by the Federal Rules of Evidence or other rules announced by the Supreme Court. Fed. R. Evid. 802.

The New York Times article is inadmissible for several reasons. It summarizes the deposition testimony of several witnesses who are not named as defendants or identified as potential witnesses in this case. (Doc. No. 170-1 at 4). It also characterizes the content of a document filed by the plaintiff shareholder's counsel in the New York litigation, without ascribing the alleged directive to any documentary evidence or the deposition testimony of any witness. (Id.). Further, the paragraph of the article in which the author asserts the existence of a directive contains multiple layers of hearsay and the Plaintiffs make no effort to show "each part of the combined statements conforms with an exception to the [hearsay] rule." Fed. R. Evid. 805. Allegations by a journalist or an attorney as to the impetus for another party's conduct are not admissible as evidence in this unrelated lawsuit.

### 3. CONFLICTED SALES

Finally, the Defendants ask that I prohibit the Plaintiffs from offering evidence or argument to suggest Merrill Lynch improperly sold the liquidated collateral to a Merrill Lynch insider or related party. The Defendants assert the Plaintiffs have not identified any record evidence to support this

claim, and that the record evidence actually shows the stock was "sold on the open market." (Doc. No. 170 at 12).

The Plaintiffs claim "[t]he defendants have given them no information to help them understand why there are no [trade confirmations] or whether or not the defendants were involved in self-dealing." (Doc. No. 177 at 8). The Defendants contend this is untrue, as they produced, on November 5, 2012, "an Excel spreadsheet that contained hundreds of rows of information regarding the details of the individual trades at issue, including the outside exchanges that executed the trades." (Doc. No. 183 at 4; *see* Doc. No. 183-1). To the extent this issue raises a discovery dispute, I note that, in the nearly two years since the Defendants produced this information, the Plaintiffs have not sought an order compelling production of additional documents or for sanctions due to a failure to produce requested information. The Plaintiffs may not pursue this speculative theory at trial.

### C. THE OBER MOTION

The Plaintiffs seek an order prohibiting Ober from testifying as an expert witness. (Doc. No. 161). They broadly claim Ober is not qualified to testify about the LMA Agreement or Merrill Lynch's conduct in liquidating the collateral, in part because of his educational background. In evaluating the admissibility of expert testimony, a trial court "must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592 (alteration in original)). A witness may be qualified as an expert "by knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. A proposed expert's practical experiences are sufficient to provide a reliable foundation for the witness's testimony. *First Tennessee Bank Ass'n v. Barreto*, 268 F.3d 319, 334-35 (6th Cir. 2001); *see also VSI Holdings, Inc. v. SPX Corp.*, No. 03-cv-70225, 2005 WL 5980804, at *10 (E.D. Mich. April 12, 2005) ("If the expert lacked familiarity with some aspects of banking relationships, such unfamiliarity

6

merely affect[s] the weight and credibility of the expert's testimony, not its admissibility.") Ober's 40 years of experience in the securities industry, including regarding the manner in which accounts similar to the LMA are handled, provide a "reliable basis" for his opinion. The Plaintiffs' remaining arguments raise factual and legal disagreements between the parties and will be resolved at trial.

In the event I denied their motion to exclude Ober's testimony, the Plaintiffs stated they "should have the opportunity" to redepose Ober. This request appears to arise from the parties' inability to agree on the appropriate characterization of Ober's expertise. Regardless of what label each side attempts to apply, Ober's testimony at trial will be limited to the opinions he expressed in his expert report. Rule 26(a)(2)(B). The Plaintiffs' request is denied.

### IV. CONCLUSION

For the reasons stated above, (1) the Voight motion, (Doc. No. 172), is granted in part and denied in part; (2) the Allegations motion, (Doc. No. 170), is granted in part and denied in part as moot; and (3) the Ober motion, (Doc. No. 161), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
